JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Janet Scharf and
Jonathan Scharf

**(b)** County of Residence of First Listed Plaintiff    Chester County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric M. Frost, Esquire
Villari, Brandes & Giannone, PC
161 Washington Street, Suite 400
Conshohocken, PA 19428

**DEFENDANTS**
Marriott Vacations Worldwide Corporation d/b/a Marriot Vacation
Club and Marriott International, Inc.

County of Residence of First Listed Defendant    Orange County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Robert W. Stanko, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300, Philadelphia, PA 19103

**II. BASIS OF JURISDICTION** *(Place an "X" in Box Only)*

- ❏ 1   U.S. Government    Plaintiff
- ❏ 2   U.S. Government    Defendant
- ❏ 3   Federal Question    *(U.S. Government Not a Party)*
- X 4   Diversity    *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | X 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- X 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332. 1441. 1446.

Brief description of cause:   Plaintiff alleges various permanent personal injuries as a result of an alleged trip and fall at a hotel in Aruba.

**VII. REQUESTED IN COMPLAINT:**
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ❏ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 11/14/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff    86 St. Andrews Road, Glenmoore, PA 19343

Address of Defendant    6649 Westwood Blvd., Orlando, FL 32821/10400 Fernwood Road, Bethesda, MD 20817

Place of Accident, Incident or Transaction
Aruba                                                                  *(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒    No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No ☒

CIVIL:   (Place ✓ in ONE CATEGORY ONLY)

A.    *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B.    *Diversity Jurisdiction Cases*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE _____    _____    _____
                          Attorney-at-Law           Attorney I.D. #

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE 11/14/17    _____    PA # 208830
                 Attorney-at-Law        Attorney I.D. #

CIV. 609  (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff       86 St. Andrews Road, Glenmoore, PA 19343

Address of Defendant       6649 Westwood Blvd., Orlando, FL 32821/10400 Fernwood Road, Bethesda, MD 20817

Place of Accident, Incident or Transaction
          Aruba                                              *(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes ☒    No ☐

Does this case involve multidistrict litigation possibilities?       Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____       Judge _____       Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                      Yes ☐    No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                      Yes ☐    No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
                                                                      Yes ☐    No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                      Yes ☐    No ☒

CIVIL:  (Place ✓ in ONE CATEGORY ONLY)

| A. | *Federal Question Cases:* | | B. | *Diversity Jurisdiction Cases* | |
|----|---------------------------|---|----|-------------------------------|---|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. | ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ | FELA | 2. | ☐ | Airplane Personal Injury |
| 3. | ☐ | Jones Act-Personal Injury | 3. | ☐ | Assault, Defamation |
| 4. | ☐ | Antitrust | 4. | ☐ | Marine Personal Injury |
| 5. | ☐ | Patent | 5. | ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Labor-Management Relations | 6. | ☒ | Other Personal Injury (Please specify) Premises Liability |
| 7. | ☐ | Civil Rights | 7. | ☐ | Products Liability |
| 8. | ☐ | Habeas Corpus | 8. | ☐ | Products Liability – Asbestos |
| 9. | ☐ | Securities Act(s) Cases | 9. | ☐ | All other Diversity Cases |
| 10. | ☐ | Social Security Review Cases | | | (Please specify) |
| 11. | ☐ | All other Federal Question Cases | | | |
| | | (Please specify) | | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE _____       _____       _____
                              Attorney-at-Law              Attorney I.D. #

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE  11|14|17       _____       Pt # 208830
                              Attorney-at-Law              Attorney I.D. #

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| **JANET SCHARF and** | : | **CIVIL ACTION** |
| **JONATHAN SCHARF** | : | |
| **v.** | : | |
| **MARRIOTT VACATIONS** | : | |
| **CORPORATION d/b/a MARRIOT** | : | **NO.** |
| **VACATION CLUB and** | | |
| **MARRIOTT INTERNATIONAL, INC.** | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.  ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)  ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.  (X)


| | | |
|---|---|---|
| November     , 2017 | | Defendants |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-575-2807 | 215-575-0856 | rwstanko@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)   10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANET SCHARF and | : | CIVIL ACTION - LAW |
| JONATHAN SCHARF | : | |
| | : | |
| v. | : | |
| | : | NO. |
| MARRIOTT VACATIONS | : | |
| WORLDWIDE CORPORATION d/b/a | : | |
| MARRIOT VACATION CLUB and | : | |
| MARRIOTT INTERNATIONAL, INC. | : | <u>JURY TRIAL DEMANDED</u> |

<u>**NOTICE OF REMOVAL**</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendants, Marriott Vacations Worldwide Corporation d/b/a Marriot Vacation Club and

Marriott International, Inc., by and through their counsel, Marshall Dennehey Warner Coleman

& Goggin, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, file this Notice of Removal of a

certain action pending in the Philadelphia County Court of Common Pleas, (hereinafter "State

Court"), and in support thereof state as follows:

1.  Defendants, Marriott Vacations Worldwide Corporation d/b/a Marriot Vacation Club

and Marriott International, Inc., are named as defendants in the action entitled *Janet Scharf and

Jonathan Scharf v. Marriott International, Inc., et al*, pending in State Court.  A true and correct

copy of Plaintiffs' Civil Action Complaint is attached hereto as Exhibit "A."

2.  A copy of the Complaint was served on Defendant, Marriott Vacations Worldwide

Corporation d/b/a Marriot Vacation Club, on October 16, 2017.  A true and accurate copy of

Plaintiffs' Affidavit of Service on Defendant, Marriott Vacations Worldwide Corporation d/b/a

Marriot Vacation Club, is attached hereto as Exhibit "B."

3.   A copy of the Complaint was sent to Defendant, Marriott International, Inc., on October 9, 2017. A true and accurate copy of Plaintiffs' Affidavit of Service on Defendant, Marriott Vacations International, Inc. is attached hereto as Exhibit "C."[1]

4.   In accordance with 28 U.S.C. §1446(a), the foregoing papers are, upon information and belief, the only documents filed in the State Court.  Docket entries from the State Court are attached hereto as Exhibit "D."

5.   In accordance with 28 U.S.C. §1446(b), this Notice of Removal is timely.

**Diversity Jurisdiction Exists**

6.   Defendants desire to remove this action to this Court and submit this Notice along with the exhibits, in accordance with 28 U.S.C. §§1332, 1441, and 1446.

---

[1] Plaintiffs have not effected proper service on Defendant, Marriott International, Inc., much less on the date they purport to have done so. Plaintiffs' Affidavit of Service upon Marriott International, Inc. purports to establish service on October 9, 2017, but this is improper.  For instance, Plaintiffs' Affidavit indicates that the Complaint was sent by both Certified and First Class Mail on October 9, 2017, and that service of the Certified Complaint was refused on October 17, 18, and 20, 2017.  Service cannot have been perfected on October 9, 2017, the date of the initial certified mailing.

Pursuant to Pa.R.C.P. 403(1), Service by Mail, service by ordinary mail may not be attempted until *after* service is refused/not perfected by certified mail.  Indeed, Pa.R.C.P. 405(c), relating to Return of Service, requires that "[p]roof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff *thereafter* has served the defendant by ordinary mail," then both the returned letter and an affidavit with regard to the later letter sent via regular mail must be submitted to the Court. Emphasis added.  Service via ordinary mail must be made after a certified copy is refused; service is not perfected if a document is sent via ordinary mail concurrently with the certified copy.  The time period for service cannot, therefore, begin to run until after a certified mailing is refused and *then* a copy is sent via ordinary mail.

Simply put, service is not effected on the date of the first class mailing. Rather, service is not complete until fifteen days after the date that ordinary mail was sent. *See City of Phila. Water Revenue Bureau v. Towanda Props., Inc.,* 976 A.2d 1244, 1252 (Pa. Cmwlth. 2009) (finding that service was not complete until fifteen days after the date that ordinary mail was sent, thereby calculating the time period for a default judgment from the completion of service, fifteen days after mailing).

In any event, to the extent this Court deems Marriott International, Inc. has having been properly served, Marriott International consents to removal. *See* 28 U.S.C. §1446(b)(2)(C).

7.   The State Court Action satisfies the diversity jurisdiction requirements of 28 U.S.C. §1332(a) because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8.   Plaintiffs Janet and Jonathan Scharf are citizens and residents of the United States of America and the Commonwealth of Pennsylvania, and are domiciled in Pennsylvania, currently residing at 86 St. Andrews Road, Glenmoore, PA 19343.  *See* Ex. A.

9.   On the date of the alleged incident and continuing to the present time, Marriott Vacations Worldwide Corporation d/b/a Marriot Vacation Club was a Delaware corporation with its principal place of business located at 6649 Westwood Blvd., Orlando, FL 32821.

10. On the date of the alleged incident and continuing to the present time, Marriott International, Inc. was a Delaware corporation with its principal place of business located at 10400 Fernwood Road, Bethesda, MD 20817.

11. Diversity of citizenship exists between Plaintiffs, who are citizens and residents of the Pennsylvania, and Defendants, corporations formed under the laws of the Delaware with principal places of business in Maryland and Florida, respectively.

12. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Plaintiffs' Complaint seeks damages exceeding the arbitration limits of the State Court, which are set at $50,000.00. Plaintiffs' claims are for damages due to alleged personal injuries as set forth in their Complaint.   For instance, Plaintiffs allege that Plaintiff Janet Scharf "sustained significant injuries, permanent loss of a bodily functions(s) and/or permanent disfigurement(s) in and about her body and extremities, including, but not limited to: injuries to her right knee and left knee and a nondisplaced vertical fracture of her lateral patellar region of her right knee; aggravation of possible preexisting conditions to those areas of her body which were otherwise system free and non-disabling; a severe shock to her nerves and nervous system; and anxiety and

mental and emotional distress." Ex. A, at ¶15. Plaintiff Jonathan Scharf has asserted a claim for loss of consortium. *See* Ex. A, at Count II.

13. Counsel for Defendants requested that Plaintiffs stipulate to cap damages at $75,000.00, but Plaintiffs have not responded.

14.    In the light of the foregoing, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See Nelson v. Keefer*, 451 F.2d 289, 294 (3d Cir. 1971) (discussing the "well-known fact of courtroom life that in personal injuries litigation the intangible factor of 'pain, suffering, and inconvenience' constitutes the largest single item of recovery, exceeding by far the out-of-pocket 'specials' of medical expenses and loss of wages"); *Russo v. Wal-Mart Stores East, L.P.,* No. 3:17-cv-454, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017) ("[I]n the context of a personal injury lawsuit between diverse parties, severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue . . ." (internal quotation marks and citation omitted); *Sims v. PerkinElmer Instruments, LLC*, No. 04-cv-3773, 2005 WL 746884, at *3 (E.D. Pa. Mar. 31, 2005) (same).

15. In accordance with 28 U.S.C. §1441(a), the Removing Defendants removed the State Court Action to this Court because the State Court Action was previously pending in the Court of Common Pleas of Philadelphia County, Pennsylvania.

16. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, and a copy of this Notice of Removal and supporting papers will be filed with the Clerk of the State Court, as provided by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants pray that the above described action pending against them in the State Court be removed to this Court.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

By: _____
Robert W. Stanko, Esquire
2000 Market Street
Philadelphia, PA 19103
215-575-2600
Attorney for Defendants,
Marriott Vacations Worldwide Corporation
d/b/a Marriot Vacation Club and
Marriott International, Inc.

Dated: 11/14/17 _____

COMMONWEALTH OF PENNSYLVANIA     :

    :     SS

COUNTY OF PHILADELPHIA     :

## **AFFIDAVIT**

**ROBERT W. STANKO, ESQUIRE,** being duly sworn according to law deposes and states that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief.

 

                                        **ROBERT W. STANKO, ESQUIRE**

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ DAY
OF _____, 2017

_____
       NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Audrey M. Gaffney, Notary Public
City of Philadelphia, Philadelphia County
My commission expires July 01, 2018

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Notice of Removal was

sent by First Class mail, postage prepaid, to the following counsel of record:

Eric M. Frost, Esquire
Villari, Brandes & Giannone, PC
161 Washington Street, Suite 400
Conshohocken, PA 19428

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Robert W. Stanko, Esquire
Attorney for Defendants,
Marriott Vacations Worldwide Corporation
d/b/a Marriot Vacation Club and
Marriott International, Inc.

Dated: _____

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**OCTOBER 2017**

E-Filing Number: 1710015859

**000796**

| PLAINTIFF'S NAME<br>JANET SCHARF | DEFENDANT'S NAME<br>MARRIOTT VACATIONS WORLDWIDE CORPORATION,<br>ALIAS: D/B/A MARRIOTT VACATION CLUB |
|---|---|
| PLAINTIFF'S ADDRESS<br>86 ST. ANDREWS ROAD<br>GLENMOORE PA 19343 | DEFENDANT'S ADDRESS<br>6649 WESTWOOD BLVD.<br>ORLANDO FL 32821 |
| PLAINTIFF'S NAME<br>JONATHAN SCHARF | DEFENDANT'S NAME<br>MARRIOTT INTERNATIONAL, INC. |
| PLAINTIFF'S ADDRESS<br>86 ST. ANDREWS ROAD<br>GLENMOORE PA 19343 | DEFENDANT'S ADDRESS<br>DEPARTMENT 52/862 10400 FERNWOOD ROAD<br>BETHESDA MD 20817 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS<br>2 | TOTAL NUMBER OF DEFENDANTS<br>2 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration    [ ] Mass Tort    [ ] Commerce    [ ] Settlement<br>[X] Jury    [ ] Savings Action    [ ] Minor Court Appeal    [ ] Minors<br>[ ] Non-Jury    [ ] Petition    [ ] Statutory Appeals    [ ] W/D/Survival<br>[ ] Other: |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>OCT **06** 2017<br>M. BRYANT | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JANET SCHARF , JONATHAN SCHARF

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>ERIC M. FROST | ADDRESS<br>VILLARI, BRANDES & GIANNONE PC<br>161 WASHINGTON STREET<br>SUITE 400<br>CONSHOHOCKEN PA 19428 |
|---|---|
| PHONE NUMBER<br>(610)729-2900 | FAX NUMBER<br>(610)729-2910 | |
| SUPREME COURT IDENTIFICATION NO.<br>208785 | E-MAIL ADDRESS<br>efrost@villarilaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>ERIC FROST | DATE SUBMITTED<br>Friday, October 06, 2017, 02:02 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**VILLARI, BRANDES & GIANNONE, P.C.**
Peter M. Villari, Esquire
Eric M. Frost, Esquire
Brian A. Rice, Esquire
Attorney I.D. No. 26875;208785 & 322654
Eight Tower Bridge
161 Washington Street, Suite 400
Conshohocken, PA 19428
610-729-2900
efrost@villarilaw.com
brice@villarilaw.com
*ATTORNEYS FOR PLAINTIFFS*



Filed and Attested by the
Office of Judicial Records
06 OCT 2017 02:02 pm
M. BRYANT

---

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA**
**CIVIL ACTION – PREMISES LIABILITY ACTION**

| | | |
|---|---|---|
| JANET SCHARF and | : | |
| JONATHAN SCHARF | : | |
| Wife and husband | : | |
| 86 St. Andrews Road | : | |
| Glenmoore, PA 19343 | : | CIVIL ACTION - LAW |
| *Plaintiffs,* | : | |
| | : | |
| | : | |
| -vs- | : | |
| | : | |
| MARRIOTT VACATIONS WORLDWIDE | : | |
| CORPORATION D/B/A MARRIOT | : | |
| VACATION CLUB | : | |
| 6649 Westwood Blvd | : | |
| Orlando, FL 32821 | : | |
| | : | |
| and | : | |
| | : | |
| MARRIOTT INTERNATIONAL, INC. | : | |
| Dept. 52/862 | : | |
| 10400 Fernwood Road | : | |
| Bethesda, MD 20817 | : | CASE NO. _____ |
| *Defendants.* | : | |

---

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court

Case ID: 171000796

without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701
TTY: 215-451-6197

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falt asentar una comparesencia escrita o en persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derecshos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-1702
TTY: 215-451-6197

Case ID: 171000796

**VILLARI, BRANDES & GIANNONE, P.C.**
Peter M. Villari, Esquire
Eric M. Frost, Esquire
Brian A. Rice, Esquire
Attorney I.D. No. 26875;208785 & 322654
Eight Tower Bridge
161 Washington Street, Suite 400
Conshohocken, PA 19428
610-729-2900
efrost@villarilaw.com
brice@villarilaw.com
*ATTORNEYS FOR PLAINTIFFS*

---

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA
### CIVIL ACTION – PREMISES LIABILITY ACTION

| | | |
|---|---|---|
| JANET SCHARF and | : | |
| JONATHAN SCHARF | : | |
| Wife and husband | : | |
| 86 St. Andrews Road | : | |
| Glenmoore, PA 19343 | : | CIVIL ACTION - LAW |
|     *Plaintiffs,* | : | |
| | : | |
| | : | |
| -vs- | : | |
| | : | |
| MARRIOTT VACATIONS WORLDWIDE | : | |
| CORPORATION D/B/A MARRIOT | : | |
| VACATION CLUB | : | |
| 6649 Westwood Blvd | : | |
| Orlando, FL 32821 | : | |
| | : | |
|     and | : | |
| | : | |
| MARRIOTT INTERNATIONAL, INC. | : | |
| Dept. 52/862 | : | |
| 10400 Fernwood Road | : | |
| Bethesda, MD 20817 | : | CASE NO. _____ |
|     *Defendants.* | : | |

---

Case ID: 171000796

## COMPLAINT

Plaintiffs, Janet Scharf and Jonathan Scharf, wife and husband, by and through their undersigned attorneys, Villari, Brandes & Giannone, P.C., file this Complaint against the above-named Defendants and in support thereof states as follows:

1. Plaintiff, Janet Scharf, is an adult individual residing at the above referenced address.

2. Plaintiff, Jonathan Scharf, is an adult individual residing at the above referenced address.

3. At all times material hereto, Plaintiff, Janet Scharf was lawfully married to Plaintiff, Jonathan Scharf.

4. Defendant, Marriott Vacations Worldwide Corporation, d/b/a Marriott Vacation Club, (hereinafter, "Marriott Vacations"), is Delaware Corporation with its principle place of business at the above referenced address.

5. Defendant, Marriott International, Inc. (hereinafter "Marriott International"), is a Delaware Corporation with its principle place of business at the above referenced address.

6. At all times material hereto, defendant, Marriott Vacations and/or Defendant Marriott International (hereinafter collectively referred to as the "Marriott Defendants"), individually and/or collectively owned, occupied, operated, managed, maintained, controlled and/or possessed the properties located at Compass Tower, L.G. Smith Blvd. 103, Palm Beach, Aruba and L.G. Smith Blvd. 99, Palm Beach, Aruba and their parking lots and walkways.

7. Upon information and belief, these locations are referred to as Marriott's Aruba Surf Club and/or Mariott's Aruba Ocean Club.

8. Upon information and belief, the Marriott Defendants, individually and/or collectively regularly conduct a substantial amount of its business within Philadelphia County, Pennsylvania,

owning, managing, controlling and/or operating numerous hotels within Philadelphia County, Pennsylvania.

9. At all times material hereto, the Marriott Defendants individually and/or collectively, owned, operated, managed, maintained, controlled and/or possessed the real property that is located at Marriott's Aruba Surf Club and/or the Marriot's Aruba Ocean club, and specifically the sidewalk at said property depicted in Exhibit "A" (hereinafter referred to as the "premises" and/or the "subject property").

10. On January 16, 2016, Plaintiff, Janet Scharf, at approximately 9:30 p.m. was walking on the sidewalk along the subject property and approached the area of the sidewalk/walkway that is depicted in Exhibit "A".

11. At the aforementioned time and place, Plaintiff, Janet Scharf encountered the dangerous, defective, hidden, and/or otherwise unsafe condition of the aforementioned portion of the walkway/curb along the subject property and approached the area of the sidewalk that is depicted in Exhibit "A" and caused her to fall.

12. At all times material hereto, the portion of the walkway/curb that contained the dangerous, defective, hidden, and/or otherwise unsafe condition that caused Plaintiff, Janet Scharf, to fall and become severely injured, was concealed by the color of the bricks located on the walkway, the design of the walkway and/or the lack of lighting at and/or near the aforementioned area.

13. At all times material hereto, Defendants knew and/or should have known of the presence/existence of the defective, dangerous, hidden and/or otherwise unsafe condition located at the subject property that caused Plaintiff, Janet Scharf, to fall.

14. At all times relevant hereto, Plaintiff, Janet Scharf proceeded under due care and with

caution, properly and legally, and was not contributorily negligent in any manner whatsoever; nor did Plaintiff, Janet Scharf assume the risk of Defendants' failure to keep the subject property safe, clear and/or free of defective, dangerous, hidden and/or otherwise unsafe conditions, specifically the condition that caused Ms. Scharf to fall and suffer significant injuries, permanent loss of a bodily function(s) and/or permanent disfigurement(s).

15. As a direct and proximate result of the aforesaid incident, Plaintiff, Janet Scharf sustained significant injuries, permanent loss of a bodily function(s) and/or permanent disfigurement(s) in and about her body and extremities, including, but not limited to: injuries to her right knee and left knee and a nondisplaced vertical fracture of her lateral patellar region of her right knee; aggravation of possible preexisting conditions to those areas of her body which were otherwise symptom free and non-disabling; a severe shock to her nerves and nervous system; and anxiety and mental and emotional distress, by reason of which she has been made to experience great physical pain and mental anguish, as a result of which she has and will continue to experience pain and suffering, loss of enjoyment of life's pleasures, embarrassment and/or disfigurement.

16. As a further result of the aforesaid incident, Plaintiff, Janet Scharf, has been obliged to incur expenses for medicines, ambulatory equipment and/or medical attention in trying to treat and cure said injuries, and may be compelled to expend and/or incur additional sums for the same purposes for an indefinite time in the future.

17. As a further result of the aforesaid incident, Plaintiff, Janet Scharf, has been prevented from attending to her usual and daily pursuits, hobbies, duties and/or avocations, thereby suffering a loss of earnings and/or impairment of her earning capacity and/or loss of life's pleasures which will continue for an indefinite time in the future.

18. As a further result of the aforesaid incident, Plaintiff, Janet Scharf, has suffered and/or

may continue to suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income, but for the benefit of herself if she had not been injured.

<u>COUNT I - NEGLIGENCE</u>
<u>Plaintiff, Janet Scharf v. All Defendants</u>

19. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

20. At all times material hereto, Defendants' acts and/or omissions were accomplished by Defendants themselves and/or by Defendants' agents, workers, representatives, independent contractors and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

21. At all times material hereto, Defendants, individually, jointly and/or severally, controlled, managed, supervised and/or maintained the subject property and the portion of the sidewalk that contained the dangerous, defective, hidden, and/or otherwise unsafe condition that caused Plaintiff to fall.

22. The aforesaid incident was caused by Defendants' negligence as follows:

      (a) Failing to properly control the subject property and the portion of the walkway/sidewalk/curb that contained the dangerous, defective, hidden, and/or otherwise unsafe condition that caused Plaintiff, Janet Scharf, to fall and become severely injured;

      (b) Failing to properly manage the subject property and the portion of the walkway/sidewalk/curb that contained the dangerous, defective, hidden, and/or otherwise unsafe condition that caused Plaintiff, Janet Scharf, to fall and become severely injured;

      (c) Failing to properly supervise the subject property and the portion of the walkway/sidewalk/curb that contained the dangerous, defective, hidden,

and/or otherwise unsafe condition that caused Plaintiff, Janet Scharf, to fall and become severely injured;

(d) Failing to properly inspect the subject property and the portion of the walkway/sidewalk/curb that contained the dangerous, defective, hidden, and/or otherwise unsafe condition that caused Plaintiff, Janet Scharf, to fall and become severely injured;

(e) Failing to timely and/or properly correct, remediate, repair and/or fix the aforementioned dangerous, defective, hidden, and/or otherwise unsafe condition that caused Plaintiff, Janet Scharf, to fall and become severely injured;

(f) Failing to properly guard/barricade the aforementioned dangerous, defective, hidden, and/or otherwise unsafe condition that caused Plaintiff, Janet Scharf, to fall and become severely injured;

(g) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff, Janet Scharf;

(h) Failing to place appropriate warnings and/or barricades;

(i) Failing to install proper lighting in and/or around the walkway/sidewalk/curb area to illuminate the dangerous condition that caused Plaintiff, Janet Scharf to fall and become severely injured; and

(j) Failing to give Plaintiff the proper and adequate notice and/or protection to which she was entitled.

23. As a result of Defendants' aforesaid negligence and carelessness, Plaintiff sustained the injuries and incurred the damages set forth above.

WHEREFORE, Plaintiff respectfully demands compensatory damages in excess of $50,000.00 to be awarded in her favor and against Defendants, individually, jointly and/or severally, together with interest, costs and such other relief as this court deems just.

## COUNT TWO - LOSS OF CONSORTIUM
### Plaintiff, Jonathan Scharf vs. All Defendants

24. Plaintiffs incorporate by reference each and every preceding paragraph of the Complaint as if same were set forth fully at length herein.

Case ID: 171000796

25. At all times material hereto, Plaintiff, Jonathan Scharf, was and is the husband of Plaintiff, Janet Scharf, and was therefore entitled to her support, society, services, advice, counsel, guidance, companionship and consortium.

26. As a direct and proximate result of the injuries and damages suffered by Plaintiff, Janet Scharf, Plaintiff, Jonathan Scharf has been deprived of the support, society, services, advice, counsel, guidance, companionship and consortium of his wife, all to his detriment and loss.

WHEREFORE, Plaintiff, Jonathan Scharf demands judgment against Defendant, individually, and/or jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, together with interest, costs and any other relief this Court deems to be just under the circumstances.

VILLARI, BRANDES & GIANNONE, P.C.

DATED: 10/6/17          BY: _____

Peter M. Villari, Esquire
Eric M. Frost, Esquire
Brian A. Rice, Esquire
*Attorneys for Plaintiffs*

Case ID: 171000796

## VERIFICATION

Janet Scharf hereby states that she is the Plaintiff in the above-captioned civil action and verifies that the statements of fact made in the foregoing Complaint are true and correct upon her personal knowledge or to the best of her information and belief.   She understands that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


Dated: 10/2/17                          By: _____
                                            Janet Scharf


Case ID: 171000796



Case ID: 171000796

# EXHIBIT "B"

**VILLARI, BRANDES & GIANNONE, P.C.**
Peter M. Villari, Esquire
Eric M. Frost, Esquire
Brian A. Rice, Esquire
Attorney I.D. No. 26875;208785 & 322654
Eight Tower Bridge
161 Washington Street, Suite 400
Conshohocken, PA 19428
610-729-2900
efrost@villarilaw.com
brice@villarilaw.com
*ATTORNEYS FOR PLAINTIFFS*



---

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA
### CIVIL ACTION – PREMISES LIABILITY ACTION

JANET SCHARF and                              :
JONATHAN SCHARF                               :
                                              :       CIVIL ACTION - LAW
               *Plaintiffs,*                  :
       -vs-                                    :       OCTOBER TERM, 2017
                                              :
MARRIOTT VACATIONS WORLDWIDE :                        CASE NO.:  000796
CORPORATION D/B/A MARRIOT       :
VACATION CLUB                   :
                                              :
       and                                    :
                                              :
MARRIOTT INTERNATIONAL, INC.    :
               *Defendants.*                  :

---

### AFFIDAVIT OF SERVICE

I, Brian A. Rice, Esquire, do hereby certify that that a true and correct copy of *Plaintiff's*

*Complaint* was served via United States Postal Service certified mail and first-class mail, postage

prepaid, on the 16th day of October, 2017, upon the following:

Marriott Vacations Worldwide Corporation
d/b/a Marriott Vacation Club
6649 Westwood Blvd.
Orlando, FL 32821
*Defendant*

A copy of the signed green card is attached hereto as Exhibit "A."

                                         **VILLARI, BRANDES & GIANNONE, P.C.**

DATED: October 17, 2017          BY: _____
                                         Brian A. Rice, Esquire
                                         Attorney for Plaintiff

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Marriott Vacations Worldwide
Corp. dba Marriott Vacation Club
6649 Westwood Blvd.
Orlando, FL 32821

9590 9402 2185 6193 5307 77

2. Article Number (Transfer from service label)
7014 2870 0002 0931 3540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X M Soloman                    ☐ Agent
                               ☐ Addressee
B. Received by (Printed Name)        C. Date of Delivery
M Soloman

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below        ☐ No
                               OCT 16 2017

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ ...Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt



EXHIBIT
**A**

Case ID: 171000796

**VILLARI, BRANDES & GIANNONE, P.C.**
Peter M. Villari, Esquire
Eric M. Frost, Esquire
Brian A. Rice, Esquire
Attorney I.D. No. 26875;208785 & 322654
Eight Tower Bridge
161 Washington Street, Suite 400
Conshohocken, PA 19428
610-729-2900
efrost@villarilaw.com
brice@villarilaw.com
*ATTORNEYS FOR PLAINTIFFS*



---

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA
### CIVIL ACTION – PREMISES LIABILITY ACTION

| | | |
|---|---|---|
| JANET SCHARF and | : | |
| JONATHAN SCHARF | : | |
| | : | CIVIL ACTION - LAW |
| *Plaintiffs,* | : | |
| -vs- | : | OCTOBER TERM, 2017 |
| | : | |
| MARRIOTT VACATIONS WORLDWIDE | : | CASE NO.:  000796 |
| CORPORATION D/B/A MARRIOT | : | |
| VACATION CLUB | : | |
| | : | |
| and | : | |
| | : | |
| MARRIOTT INTERNATIONAL, INC. | : | |
| *Defendants.* | : | |

---

### <u>AFFIDAVIT OF SERVICE</u>

I, Eric M. Frost, Esquire, do hereby certify that that a true and correct copy of *Plaintiff's*

*Complaint* was served via United States Postal Service certified mail and first-class mail, postage

prepaid, on the 9th day of October, 2017 upon the following defendant:

Marriott International, Inc.
Dept. 52/862
10400 Fernwood Road
Bethesda, MD 20817
*Defendant*

Case ID: 171000796

As of this date, neither the regular mail nor the certified mail was returned to our office.  Upon tracking the certified mail number, the United States Postal Service website showed the item was refused.  See printout attached hereto as Exhibit "B."  Therefore, pursuant to Rule 403 and 404 of the Pennsylvania Rules of Civil Procedure, the Complaint is considered served.

**VILLARI, BRANDES & GIANNONE, P.C.**

DATED: November 8, 2017          BY: _____
                                     Eric M. Frost, Esquire
                                     Attorney for Plaintiff

Case ID: 171000796



**VILLARI**
**BRANDES**
**GIANNONE**
*ATTORNEYS AT LAW*

Eric M. Frost, Esquire
Member of the PA and NJ Bars
Email: efrost@villarilaw.com

October 9, 2017

**VIA CM NO. 7014 2870 0002 0931 3540**
**AND REGULAR MAIL**

Marriott Vacations Worldwide Corporation
d/b/a Marriott Vacation Club
6649 Westwood Blvd.
Orlando, FL 32821

**VIA CM NO. 7014 2870 0002 0931 3557**
**AND REGULAR MAIL**

Marriott International, Inc.
Dept. 52/862
10400 Fernwood Road
Bethesda, MD 20817

Re:   Janet and Jonathan Scharf v. Marriott Vacations Worldwide Corporation, et al.
      Docket No. 000796, October Term, 2017; Philadelphia County CCP
      Our File No. 222695

Dear Sir/Madam:

Enclosed please find a time-stamped copy of Plaintiff's Complaint, which was filed on October 6, 2017 in connection with the above referenced case.

Please be guided accordingly.

Very truly yours,

Eric M. Frost, Esquire

EMF/jab

Enclosure



EXHIBIT
**A**   ID: 17 000796

10/23/2017                                    USPS.com® - USPS Tracking® Results

# USPS Tracking® Results

FAQs ❯ (http://faq.usps.com/?articleId=220900)

Track Another Package ✛

Remove ✕

**Tracking Number:** 70142870000209313557

                    Alert

Your item was refused by the addressee at 10:42 am on October 20, 2017 in BETHESDA, MD 20817 and is being returned to the sender.

## Product & Tracking Information

See Available Actions

Postal Product:                    Features:
                                   Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| October 20, 2017, 10:42 am | Refused | BETHESDA, MD 20817 |

▲

Your item was refused by the addressee at 10:42 am on October 20, 2017 in BETHESDA, MD 20817 and is being returned to the sender.

| | | |
| --- | --- | --- |
| October 18, 2017, 9:40 am | Return to Sender | BETHESDA, MD 20817 |
| October 18, 2017, 9:38 am | Refused | BETHESDA, MD 20817 |
| October 17, 2017, 1:24 pm | Refused | BETHESDA, MD 20817 |

See More ⌄

## Available Actions

Text & Email Updates                                                              ⌄

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**



Case ID: 171000796

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

* NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS
automated equipment.              **app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo%2FTrackConfirmAction%21input**

(https://www.usps.com/)

| HELPFUL LINKS | ON ABOUT.USPS.COM | OTHER USPS SITES | LEGAL INFORMATION |
|---|---|---|---|
| Contact Us (https://www.usps.com/help/welcome.htm) | About USPS Home (http://about.usps.com/) | Business Customer Gateway (https://gateway.usps.com/) | Privacy Policy (http://about.usps.com/who-we-are/privacy-policy/privacy-policy-highlights.htm) |
| Site Index (https://www.usps.com/globals/site-index.htm) | Newsroom (http://about.usps.com/news/welcome.htm) | Postal Inspectors (https://postalinspectors.uspis.gov/) | Terms of Use (http://about.usps.com/termsofuse.htm) |
| FAQs (http://faq.usps.com/) | USPS Service Updates (http://about.usps.com/news/service-alerts/welcome.htm) | Inspector General (http://www.uspsoig.gov/) | FOIA (http://about.usps.com/who-we-are/foia/welcome.htm) |
| | Forms & Publications (http://about.usps.com/forms-publications/welcome.htm) | Postal Explorer (http://pe.usps.gov/) | No FEAR Act EEO Data (http://about.usps.com/who-we-are/no-fear-act/welcome.htm) |
| | Government Services (https://www.usps.com/gov-services/gov-services.htm) | National Postal Museum (http://www.postalmuseum.si.edu/) | |
| | Careers (http://about.usps.com/careers/welcome.htm) | Resources for Developers (https://www.usps.com/webtools/welcome.htm) | |

Copyright © 2017 USPS. All Rights Reserved.

Case ID: 171000796

10/23/2017                        USPS.com® - USPS Tracking® Results

 (https://www.facebook.com/USPS?rf=108501355848630)       (https://twitter.com/usps)

 (http://www.pinterest.com/uspsstamps/)       (https://www.youtube.com/usps)

Case ID: 171000796

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 171000796 |
| **Case Caption:** | SCHARF ETAL VS MARRIOTT VACATIONS WORLDWIDE CORPOR |
| **Filing Date:** | Friday , October 06th, 2017 |
| **Court:** | MAJOR JURY-EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PREMISES LIABILITY, SLIP/FALL |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | FROST, ERIC M |
| **Address:** | VILLARI, BRANDES & GIANNONE PC 161 WASHINGTON STREET SUITE 400 CONSHOHOCKEN PA 19428 (610)729-2900 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | SCHARF, JANET |
| **Address:** | 86 ST ANDREWS RD GLENMOORE PA 19343 | **Aliases:** | *none* | |
| | | | | |
| 3 | 1 | | PLAINTIFF | SCHARF, JONATHAN |
| **Address:** | 86 ST ANDREWS RD GLENMOORE PA 19343 | **Aliases:** | *none* | |
| | | | | |

| 4 | | | DEFENDANT | MARRIOTT VACATIONS WORLDWIDE CORPORATION |
|---|---|---|---|---|
| **Address:** | 6649 WESTWOOD BLVD ORLANDO FL 32821 | **Aliases:** | MARRIOTT VACATION CLUB DBA | |
| | | | | |
| 5 | | | DEFENDANT | MARRIOTT INTERNATIONAL INC |
| **Address:** | DEPARTMENT 52/862 10400 FERNWOOD RD BETHESDA MD 20817 | **Aliases:** | *none* | |
| | | | | |
| 6 | | | TEAM LEADER | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL PHILADELPHIA PA 19107 (215)686-7260 | **Aliases:** | *none* | |
| | | | | |
| 7 | | 1 | ATTORNEY FOR PLAINTIFF | RICE, BRIAN A |
| **Address:** | VILLARI BRANDES AND GIANNONE P 161 WASHINGTON STREET<br><br>8 TOWER RIDGE SUITE 400<br><br>WEST CONSHOHOCKEN PA 19428 (610)729-2900 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 06-OCT-2017 02:02 PM | ACTIVE CASE | | | 06-OCT-2017 03:02 PM |
| **Docket Entry:** | E-Filing Number: 1710015859 | | | |
| | | | | |
| 06-OCT-2017 02:02 PM | COMMENCEMENT CIVIL ACTION JURY | FROST, ERIC M | | 06-OCT-2017 03:02 PM |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents <br> Final Cover | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 06-OCT-2017 02:02 PM | COMPLAINT FILED NOTICE GIVEN | FROST, ERIC M | | 06-OCT-2017 03:02 PM |

| Documents: | ⚷ Click link(s) to preview/purchase the documents<br>Complaint.pdf | 🛒 Click HERE to purchase all documents<br>related to this one docket entry | | |
| --- | --- | --- | --- | --- |
| **Docket<br>Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |

| 06-OCT-2017<br>02:02 PM | SHERIFF'S SURCHARGE 2 DEFTS | FROST, ERIC<br>M | | 06-OCT-2017<br>03:02 PM |
| --- | --- | --- | --- | --- |
| **Docket<br>Entry:** | *none.* | | | |

| 06-OCT-2017<br>02:02 PM | JURY TRIAL PERFECTED | FROST, ERIC<br>M | | 06-OCT-2017<br>03:02 PM |
| --- | --- | --- | --- | --- |
| **Docket<br>Entry:** | 12 JURORS REQUESTED. | | | |

| 06-OCT-2017<br>02:02 PM | WAITING TO LIST CASE MGMT<br>CONF | FROST, ERIC<br>M | | 06-OCT-2017<br>03:02 PM |
| --- | --- | --- | --- | --- |
| **Docket<br>Entry:** | *none.* | | | |

| 17-OCT-2017<br>08:50 AM | AFFIDAVIT OF SERVICE FILED | RICE, BRIAN A | | 17-OCT-2017<br>04:04 PM |
| --- | --- | --- | --- | --- |
| **Documents:** | ⚷ Click link(s) to preview/purchase the documents<br>Aff of Svc of Complaint via CM on Marriott Vacations.pdf | 🛒 Click HERE to purchase all documents<br>related to this one docket entry | | |
| **Docket<br>Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON MARRIOTT VACATIONS WORLDWIDE CORPORATION AND MARRIOTT INTERNATIONAL INC BY CERTIFIED MAIL ON 10/16/2017 FILED. (FILED ON BEHALF OF JONATHAN SCHARF AND JANET SCHARF) | | | |

| 24-OCT-2017<br>09:18 AM | PRAECIPE TO REINSTATE CMPLT | RICE, BRIAN A | | 25-OCT-2017<br>09:43 AM |
| --- | --- | --- | --- | --- |
| **Documents:** | ⚷ Click link(s) to preview/purchase the documents<br>Praecipe to Re-Instate Complaint.pdf | 🛒 Click HERE to purchase all documents<br>related to this one docket entry | | |
| **Docket<br>Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF JONATHAN SCHARF AND JANET SCHARF) | | | |

| 08-NOV-2017<br>09:35 AM | AFFIDAVIT OF SERVICE FILED | FROST, ERIC<br>M | | 08-NOV-2017<br>01:34 PM |
| --- | --- | --- | --- | --- |
| **Documents:** | ⚷ Click link(s) to preview/purchase the documents<br>Aff of Svc of Complaint on Marriott International.pdf | 🛒 Click HERE to purchase all documents<br>related to this one docket entry | | |
| **Docket** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON MARRIOTT VACATIONS WORLDWIDE CORPORATION AND MARRIOTT INTERNATIONAL INC BY CERTIFIED | | | |

| **Entry:** | MAIL,FIRST CLASS REGULAR MAIL ON 10/09/2017 FILED. (FILED ON BEHALF OF JONATHAN SCHARF AND JANET SCHARF) |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home